IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ANTHONY LEVIN BANKS, | * |
| Petitioner, | * |
|  | *   Civil Case No.: SAG-23-3039 |
| v. | *   (Related Crim. No. SAG-20-464) |
| UNITED STATES OF AMERICA | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Anthony Levin Banks ("Petitioner"), who is self-represented, filed this Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. ECF 1. The Government filed an opposition, ECF 15, and no reply has been filed. This Court has carefully reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Petitioner's motion must be DENIED.

I.  **FACTUAL BACKGROUND**

On December 18, 2020, a federal grand jury returned an indictment charging Petitioner with three federal narcotics offenses. *United States v. Banks*, Crim. No. SAG-20-464 (D. Md. Dec. 18, 2020), ECF 1 ("Criminal Case"). The indictment included a forfeiture allegation seeking forfeiture, in relevant part, of:

a. Approximately $8,949 in U.S. currency seized from 29148 Matthewstown Road, Apartment 211, Easton, Maryland; and
b. Approximately $3,051 in U.S. currency seized from 29 S. Locust Lane, Easton, Maryland (collectively, "the Subject Property").

*Id.* at 6–7.

Petitioner signed a plea agreement on July 25, 2022. Criminal Case, ECF 97. In that agreement, he agreed to the entry of orders of forfeiture for the Subject Property and affirmed that he waived all challenges to its forfeiture on any grounds. *Id.* at 7. Petitioner confirmed his agreement to those terms at his guilty plea proceeding before this Court.

In accordance with the parties' agreement, the Government filed a motion for a preliminary order of forfeiture for the Subject Property on November 8, 2022. Criminal Case, ECF 106. The Court entered the preliminary order of forfeiture on November 9, 2022, which specifically forfeited "all of [Petitioner's] interests in the Subject Property." Criminal Case, ECF 107 ¶ 3. The order was docketed in Petitioner's criminal case, and he did not challenge it. The Government published notice of the preliminary order of forfeiture as required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C) and received no third-party claims. *See* ECF 111-1. Accordingly, on September 28, 2023, the Government sought, and the Court entered, a final order of forfeiture for the subject property. ECF 111, 112.

Weeks later, on November 6, 2023, Petitioner filed the instant motion seeking return of the Subject Property pursuant to Fed. R. Crim. P. 41(g). ECF 1.

II.   **ANALYSIS**

Petitioner's motion rests on a faulty premise. He asserts that the Government missed the 90-day deadline for seeking civil forfeiture under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). ECF 1. That deadline, set forth in 18 U.S.C. § 983(a)(3)(A), applies only to judicial forfeitures commenced after a claim has been filed in an administrative (nonjudicial) forfeiture proceeding. Here, the Government never initiated administrative forfeiture, and the 90-day CAFRA deadline therefore does not apply.

Instead, the Government forfeited the Subject Property as part of Petitioner's sentence in his criminal case. Petitioner therefore cannot obtain the relief he now seeks. Fed. R. Crim. P. 41(g) "is an equitable remedy that is available only if [the] movant can show irreparable harm and an inadequate remedy at law." *Watkins v. United States*, Civ. No. 13-cv-3838-WDQ, 2014 WL 3661219, at *2 (D. Md. July 21, 2014), *aff'd*, 589 F. App'x 84 (4th Cir. 2014) (quoting *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006)). Petitioner had an adequate remedy at law because he could have challenged the forfeiture in his criminal proceeding or on direct appeal. In fact, the Fourth Circuit has explained that a criminal defendant whose criminal forfeiture is part of his sentence must challenge the forfeiture "on direct appeal or not at all." *United States v. Earquhart*, 776 F. App'x 802, 803 (4th Cir. 2019) (quoting *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)); *see also Mills v. United States*, 777 F. App'x 763, 764 (5th Cir. 2019) (finding that a petitioner lacked standing to claim forfeited currency where "the criminal forfeiture divested him of any interest in it" and the issue "should have been raised in his direct appeal"); *Griffin v. United States*, 672 F. App'x 712, 712 (9th Cir. 2016) (dismissing Rule 41(g) petition "because the forfeiture was part of [the petitioner's] conviction and sentence" giving him "adequate remedies at law"); *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (recognizing that "the order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal," as the forfeiture "conclusively determines all of the defendant's interest in the forfeited property"). Because Petitioner failed to challenge the criminal forfeiture via a direct appeal of his conviction, he cannot now challenge it through a Rule 41(g) motion.

### III. CONCLUSION

For the reasons stated above, Petitioner's Motion for Return of Property, ECF 1, is DENIED. A separate Order follows, and this civil case will be closed.


Dated: August 1, 2024                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge